UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN WOODWARD,                                    14-CV-00856-RJA-MJR
                                                   DECISION AND ORDER
                        Plaintiff,

            v.

MUSLIM CHAPLAIN AFIFY; OFFICER
RAFFTY; OFFICER T. SEWALT; OFFICER
CORSI; OFFICER OTTO; SENIOR
COUNSELOR LIVERMORE; OFFICER
ACKERMAN; P. CHAPPIUS; SARGENT
KRAUSE,

                        Defendants.

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of

Title 28 of the United States Code, by the Honorable Richard J. Arcara, for the hearing and

determination of all non-dispositive matters, the supervision of discovery, and the hearing

and reporting of dispositive motions for consideration by the District Court.  Before the

Court are plaintiff Shawn Woodward's motions to compel discovery (Dkt. Nos. 53 and 63)

and his request for subpoenas duces tecum (Dkt. No. 52).  The Court's findings as to

plaintiff's requests are set forth in detail below.

## RELEVANT FACTS AND BACKGROUND

Plaintiff Shawn Woodward ("plaintiff"), an inmate in the care and custody of the New

York State Department of Corrections and Community Supervision ("DOCCS") who is

proceeding *pro se*, filed the instant complaint against various officers and employees of the

Elmira Correctional Facility alleging violations of his constitutional rights, including religious

discrimination and retaliation for filing of grievances and lawsuits.  On April 14, 2016, the District Court adopted this Court's Report and Recommendation which recommended granting in part and denying in part a motion to dismiss by defendants.  As a result, plaintiff's pending claims are: (1) religious discrimination and retaliation against Chaplain Afify and Sargent Krause; (2) retaliation claims against Officers Sewalt, Otto and Corsi and excessive force claims against officer Sewalt; and (3) failure to prevent retaliation and assault against Counselor Livermore.  Plaintiff alleges, in sum, that Chaplain Afify and Sargent Krause prevented him from attending Muslim prayer services and receiving Ramadan meals in retaliation for filing grievances and lawsuits.  He alleges that Officers Sewalt, Otto and Corsi assigned him undesirable job duties and filed false misbehavior reports also in retaliation for his filing of grievances and lawsuits.  In addition, plaintiff alleges that Officer Sewalt assaulted him and that Counselor Livermore failed to prevent both the assault and Sewalt's filing of a false misbehavior report.

Plaintiff and defendants have been engaged in discovery.  Plaintiff filed the instant motions to compel and request for subpoenas, and defendants have responded.  The Court heard oral argument, with plaintiff appearing by telephone, on January 6, 2017.

## DISCUSSION

Courts have wide discretion to manage discovery.  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).  Proportionality has assumed greater importance in discovery disputes since the 2015 amendments to Federal Rule of Civil Procedure 26, which now defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

> amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See* Fed. R. Civ. P. 26(b)(1); *Vaigasi v. Solow Mgmt. Corp.*, 11 Civ. 5088, 2016 U.S. Dist. LEXIS 18460 (S.D.N.Y. Feb. 16. 2016) (Pitman, M.J.) (explaining that the recent amendment to Rule 26 was "intended to encourage judges to be more aggressive in discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information"). Rule 26 further provides that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1). However, even when the requested information sought is relevant, "the court must limit the frequency or extent of discovery" where it is "unreasonably cumulative or duplicative" or when "the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(2)(C)(i)(ii). Likewise, Rule 1 of the Federal Rules of Civil Procedure was recently amended to instruct that the federal rules "should be construed, administered and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1 (advisory committee notes explaining that court, lawyers and parties share this responsibility and that "effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure").

Here, a significant amount of discovery has been exchanged and plaintiff has made extensive requests for additional documents and responses. In making a determination as to plaintiff's motions to compel, the Court has kept in mind these principles of fairness, expediency and proportionality.

*Motion to Compel Documents and Interrogatory Responses (Dkt. No. 53)*

Plaintiff moves to compel a response to Document Request #4 which demands "[a] copy of defendant Sewalt's [misbehavior report] wrote on Inmate Morrison in June/July 2014...[t]his inmate was house at the time in housing block C-2 gallery and one of the charges could have been assault on staff." Similarly, plaintiff moves to compel a response to Document Request #22 which demands "[a] copy of the three [misbehavior reports] wrote by Defendant Afify on the three Muslim inmates in April 2014, one whose part of his name was 'Mateen' and who at the time was housed in housing block I." Defendants object to these requests on the grounds that they are vague, unduly burdensome and do not reasonably identify a document to be produced. Defendants indicate that DOCCS categorizes misbehavior reports by name of inmate rather than author, and that the system contains hundreds of "Inmate Morrison's" and at least eight "Mateen's", notwithstanding those who have "Mateen" in a portion of their name.

The Court finds that it is unduly burdensome to require defendants to search through hundreds of misbehavior reports in an attempt to find the reports that plaintiff is be referring to. *See Treadway v. Voutour*, 10-CV-42A, 2011 U.S. Dist. LEXIS 81393 (W.D.N.Y. July 26, 2011) (Arcara, D.J.) (finding that a request which would require the review of over 900 grievances filed over the course of three years to be unduly burdensome). In addition, misbehavior reports written by defendants Sewalt and Afify about other inmates while arguably relevant, do not appear to be highly probative of the allegations in this lawsuit. In accordance with Rule 26, which requires the Court to consider the burden of the request as compared to its likely benefit, the Court will deny plaintiff's motion to compel these documents. *See In re Weatherford Int'l Secs. Litig.*, 11 Civ. 1646, 2013 U.S. Dist. LEXIS

75090 (S.D.N.Y. May 28, 2013) (Francis, M.J.) (in determining proportionality, courts balance "the value of the requested discovery against the cost of its production"). However, the motion to compel Requests #4 and #22 is denied without prejudice to renewal if plaintiff is able to provide more specific information about the inmates who are the subject of the misbehavior reports, which would allow DOCCS to more easily locate the documents.

Plaintiff moves to compel responses to Document Request #5 ("Deposition by Written Questions directed at and responded to by non-party member Officer Curtis Brown and Defendant Krause in Woodward v. Beam, Case No. 07-cv-645."); Document Request #12 ("A copy of the Rule 26 Disclosure provided by Defendant Afify and that which is related to Plaintiff's claims of religious deprivation.  As asserted by the Plaintiff in People, et al. v. Fischer, et al., Case No. 13-cv-6113."); and Document Request #13 ("A copy of the discovery responses provided by Defendant Afify in Peoples.").  Defendant objects to these requests on the basis that neither they nor DOCCS possess these documents, and they are publically available.  Defendants represent that they are willing to print these documents from PACER for plaintiff if he pays the PACER fee of 25 cents per page.

A party is not obligated to produce documents it does not possess or cannot obtain. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).  *See also Classic Touch Decor, Inc. v. Michael Aram*, 15-CV-453, 2015 U.S. Dist. LEXIS 119249 (E.D.N.Y. Sept. 8, 2015) (Mann, M.J.) (motion to compel denied where document requests were "extremely overbroad" and included publically available documents such as affidavits filed by the court); *Woodward v. Mullah*, 08-CV-463, 2010 U.S. Dist. LEXIS 77065 (W.D.N.Y. July 29, 2010) (McCarthy, M.J.) (denying motion to compel trial minutes, motions and discovery filed by Wyoming County public defender and grand jury minutes where

defendants represented that the documents were not in their possession, custody or control).  In addition, while plaintiff is proceeding *in forma pauperis*, Section 1915 of Title 28 of the United States Code does not provide that indigent litigants are entitled to complimentary copies of court files.  *See Williams v. Coughlin et, el.*, No. 69-cv-1737, slip op. at 2-3 (May 31, 1996) (Pooler, J.) ("an order granting a plaintiff the right to proceed *in forma pauperis* does not entitle that plaintiff to free copies of documents in the record"); *Tolliver v. Community Action Commission to Help the Economy, Inc*., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985), *aff'd* 800 F.2d 1128 ("Since plaintiff was proceeding *pro se* in a Title VII case, and *in forma pauperis* pursuant to 28 U.S.C. §1915(a)...there was no clear statutory authority for the prepayment of discovery costs"); *Raffone v. Nugent*, 3:13-CV-1589, 2016 U.S. Dist. LEXIS 5234 (D. Conn. Jan. 15, 2016) (Arterton, D.J.) ("Even if plaintiff were proceeding *in forma pauperis* in this case, he would not be entitled to free copies of deposition transcripts.")

Because the documents in Requests #5, #12 and #13 are publically filed and not in the possession, custody or control of defendants or DOCCS, the Court denies plaintiff's motion to compel defendants to produce these documents.  Instead, plaintiff must either obtain them himself through the public docket or plaintiff may request that defendants print the documents from PACER if he pays the required fee.[1]

---

[1]  The cost of printing documents from PACER is 25 cents per page.  Here, defendants indicate that the total cost of the documents named in Requests #5, #12 and #13 is $42.25.

Plaintiff moves to compel responses to Document Request #14 ("A copy of the transcripts from Defendant Afify's deposition taken by Defense Counsel and/or Plaintiff's counsel."); Document Request #16 ("A copy of the original complaint or if applicable the amended complaint, docket sheet, transcripts of deposition, judge or jury verdict for or against any of the named defendants, settlement agreement, interrogatory responses by any of the Defendants named in any prior federal and/or state lawsuit."); and Document Request #20 ("Affidavit of Inmates Young #10A4613, VanNess #07A3926, Kyler #11B2590 and Norwood #98A6031 regarding the September 14, 2012 incident in which the Plaintiffs in Peoples, supra alleged that Defendant Afify made discriminatory reports towards Shi'ite Muslims.")

These documents are not in the possession, custody, or control of defendants or DOCCS and most appear to be publically available.  In addition, the requests are overbroad and ambiguous in that many fail to refer to specific lawsuits or docket entries.  Thus, the motion to compel further responses to Requests #14, #16 and #20 is denied.  Plaintiff may either obtain these documents himself through the public docket, or, if plaintiff is able to provide more specific information as to the case names and docket numbers he is referring to, the documents may be printed by defendants and provided to plaintiff at the cost of 25 cents per page.

Plaintiff moves to compel responses to Document Request #17 ("A copy of any disciplinary actions, suspensions, pay lost, demotions, investigative reports of misconduct during employment, criminal actions, related to the 2006 incident in which defendant Sewalt, non-party member Officers Knuth and Cramer/Kramer were removed from their job duties (i.e. not allowed into work at Elmira C.F. for approximately six months) for the assault on a

black inmate who was housed in housing block C-4 gallery during the 3 p.m. through 11 p.m. tour."); and Document Request #19 ("A copy of the initial complaint, deposition transcripts of Defendant Sewalt and any other Defendants named in a federal and/or state lawsuit filed by inmate mentioned in number 17 above, response to interrogatory and settlement agreement related to that lawsuit.").  Defendants object to these requests on the grounds that they are vague and ambiguous, not likely to lead to the discovery of admissible evidence, and that the information requested is protected by Section 50(a) of the New York Civil Rights Law.

To the extent that defendant is requesting information about discipline, suspensions, misconduct reports or criminal actions with respect to "Officers Knuth and Cramer/Kramer", who are not parties to this lawsuit, his request is denied.  Disciplinary action taken against officers who are not defendants in this matter, in regard to an incident that did not involve plaintiff, is not likely to lead to the discovery of admissible, or even relevant, evidence. Conversely, prior disciplinary action taken against defendants is relevant and may be discoverable.   Indeed, Section(a) of the New York Civil Rights Law does not prohibit discovery of police personnel files.  *Evans v. Murphy*, 12-CV-365, 2013 U.S. Dist. LEXIS 72825 (W.D.N.Y. May 22, 2013) (Scott, M.J.).   Specifically, disciplinary records of defendants in Section 1983 actions are normally discoverable "insofar as the prior complaints concern (1) the truth or veracity of defendant or (2) similar conduct to the type of allegations made in [the] case." *Redd v. City of Rochester*, 15-CV-6049, 2016 U.S. Dist. LEXIS 121163 (W.D.N.Y. Sept. 7, 2016) (Feldman, M.J.); *see also Diaz v. Goord*, 04-CV-6094, 2007 WL 2815735 (W.D.N.Y. Sept. 25, 2007) (Payson, M.J.) (directing disclosure of documents relating to disciplinary action imposed on the defendants in connection with

allegations of excessive force).   Here, defendant is alleging that he was assaulted by defendant Sewalt and retaliated against for filing grievances.   Therefore, to the extent that defendant Sewalt's personnel file contains disciplinary actions, suspensions, pay lost, demotions, or reports of misconduct based upon either excessive force or retaliation, those documents are to be provided to plaintiff.   This would include any disciplinary action as a result of the assault plaintiff claims occurred in 2006, if defendants or DOCCS have retained these documents.   To that extent, plaintiff's motion to compel is granted.

However, with respect to plaintiff's request for any federal court complaints, deposition transcripts, or interrogatories from any lawsuit related to that 2006 incident, these documents are publically available and the same rules apply as stated above.   Plaintiff's motion to compel these documents is denied.   However, if plaintiff is able to provide a specific case name and docket number and is willing to pay the PACER fee of 25 cents per page, defendants have represented that they will print the documents for him.[2]   As to his request for copies for settlement agreements, the majority of courts in this Circuit hold that the required showing of relevancy is no higher for settlement agreements than it is for discovery of other kinds of information.   *Hobbs v. Police Officers of New York City*, 10-CV-5717, 2013 U.S. Dist. LEXIS 84814 (S.D.N.Y. June 17, 2013) (Pitman, M.J.).   Nevertheless, the Court finds that a settlement agreement from 2006 involving defendant Sewalt and another inmate, regarding an incident that appears to be unrelated to this lawsuit, is

---

[2]   During oral argument, plaintiff suggested that he did not need to retain the court files or documents but instead was willing to review and return them.   Not only would this present security concerns and logistical issues due to the fact that plaintiff is incarcerated, it would also necessitate the printing of a voluminous number of records, the burden and expense of which, as explained herein, is not properly chargeable to this Court or to the defendants.

irrelevant and unlikely to lead to the discovery of admissible evidence.  *See ABF Capital Management*, 96-Civ. 2578, 2000 U.S. Dist. LEXIS 3633 (S.D.N.Y. Feb. 8, 2000) (Sweet, D.J.) ("[a]lthough litigants cannot shield a settlement agreement from discovery merely because it contains a confidentiality provision, or was filed under seal, discovery of such agreement is only appropriate if it is itself relevant to the subject matter of the action, or is likely to lead to relevant evidence").

Plaintiff moves to compel a response to Document Request #21 ("A copy of all grievances and letters of complaint filed by the Plaintiffs in Peoples, supra against defendant Afify.")  Defendants object to this request on the grounds that the documents are not in the possession, custody, or control of defendants or DOCCS, that they are unlikely to lead to the discovery of admissible evidence, and that they appear to be public record. Prior complaints or grievances against a defendant may be discoverable if they involve similar conduct to that alleged in the lawsuit.  *See Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (courts have permitted discovery of prior similar complaints regardless of the outcome of those complaints); *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) ("complaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable"); *Simcoe v. Gray*, 10-CV-6531, 2012 U.S. Dist. LEXIS 43099 (W.D.N.Y. March 28, 2012) (Feldman, M.J.) (prior complaints of excessive force against defendant police officers "whether substantiated or not", are discoverable in civil rights action if similar to alleged constitutional violations or relevant to defendant credibility). Defendants indicate that DOCCS indexes complaints or grievances by inmate.  Here, the Court assumes that plaintiff, in Request #21, is referring to *Peoples, et al v. Fischer, et al.*,

6:13-cv-6113, a prisoner civil rights case involving Afify as a named defendant. Plaintiffs in that case are Jalaal Peoples, Taiwan Lowmack, Richard Lawrence and Zay McKenzie. Grievances and letters of complaint by these individuals against defendant Afify involving similar conduct to that alleged in this lawsuit are relevant and discoverable, even if they are later determined to be inadmissible at trial. Therefore, defendants are instructed to produce any grievances or complaints, in the possession of defendants or DOCCS, by these individuals against defendant Afify and which involve conduct similar to the claims of religious discrimination or retaliation in this lawsuit.[3]

Plaintiff moves to compel responses to Document Request #18 ("A copy of the [misbehavior report] filed by any of the three officers mentioned in number 17 above on the inmate mentioned in number 17 above."); and Document Request #26 ("A copy of any grievances and letters of complaint filed by Inmate Steward #08A1083 against Defendant Afify.") Defendants indicate that responsive documents have been identified with respect to Document Request #18 and will be produced. Defendants further indicate that to the extent documents exist which are responsive to Request #26, they will also be produced. Thus, plaintiff's motion compel is denied as moot with respect to Requests #18 and #26. Plaintiff moves to compel defendant Sewalt to provide further information as to Interrogatory Nos. 3, 4, 5, 6 and 7. Plaintiff also moves to compel defendant Livermore to provide further information in response to Interrogatory Nos. 18, 19 and 20. The Court has reviewed

---

[3] The Court makes clear that defendants are to produce these grievances and complaints to the extent that they are identifiable and have been retained by DOCCS. The Court will not require defendants to search the dockets and filings of the civil cases named herein in order to find and produce grievances and complaints. To the extent that plaintiff is able to identify specific docket numbers and case names, and is willing to pay the PACER fee, defendants have represented that they will print copies of those documents for plaintiff.

Sewalt and Livermore's responses to each of these interrogatories and finds them to be sufficient.  With respect to each interrogatory, Sewalt and Livermore have, under oath, either provided a substantive response or have indicated that they do not have information or knowledge to answer the question posed.  *See Kenneth v. Nationwide Mutual Fire Insurance*, 03-CV-521, 2007 U.S. Dist. LEXIS 83973 (W.D.N.Y. Nov. 13, 2007) (Foschio, M.J.) ("[I]f a party does not have the knowledge or information necessary to answer an interrogatory, it is sufficient to state lack of knowledge, as an answer, under oath.")  Thus, plaintiff's motion to compel a further response is denied.

Plaintiff also moves to compel defendant Sewalt to provide a further response to Interrogatory No. 20 ("Has an employee of DOCCS ever filed a grievance against you, and/or a letter of complaint regarding any misconduct you displayed towards them?") and Interrogatory No. 21 ("Attach a copy of such document").  Defendant Sewalt answers that one complaint was filed, investigated, and dismissed as unsubstantiated.  He objects to providing any more information as to the incident and characterizes the request as a "fishing expedition" unlikely to lead to the discovery of admissible evidence.  Similarly, plaintiff moves to compel defendant Livermore to provide a further response to Interrogatory No. 15 ("As an employee of DOCCS have you ever been suspended, disciplined, demoted, and/or had an employee of DOCCS' file any type of letter or complaint against you?") and Interrogatory No. 16 ("If the answer is yes attach a copy of any of DOCCS records that relates to question number 15?").  Defendants object to these requests on the basis that they are overly broad, a fishing expedition, and seek information that is protected by Section 50(a) of the New York State Civil Service Law.  Defendants further answer that defendant Livermore "has not received complaints or been disciplined for any conduct that is remotely

similar to the conduct alleged in Plaintiff's Complaint."

As explained above, information concerning prior discipline as well as prior complaints or grievances is relevant and may be discoverable if it involves conduct similar to that alleged in the instant lawsuit. As demonstrated during oral argument, defendants and plaintiff appear to be arguing over what exactly is contained in the personnel files and whether that information is relevant to the claims in this lawsuit. In order to resolve this dispute, the Court will review, *in camera*, defendant Sewalt's personnel file and any documents in defendant or DOCCS possession relating to the complaint referred to in Interrogatory No. 20. The Court will also review, *in camera*, defendant Livermore's personnel file as well as any documents in defendants or DOCCS possession relating to a complaint against Livermore by an employee of DOCCS. The Court will then determined what documents, if any, should be produced to plaintiff.

Plaintiff moves to compel defendant Livermore to provide a response to Interrogatory No. 2 ("before Plaintiff filed grievance EL-42881 on what date did defendant Livermore respond to Plaintiff's letter that was forwarded to her by the Elmira CF's Deputy Superintendent of Program Services?") Defendant Livermore indicated that she does not know what letter plaintiff is referring to. During oral argument, plaintiff provided a record cite and Bates-stamp number to a document which plaintiff describes as related to this request. (Dkt. No. 63, Exh. 2, Attachment 6 (Woodward000203)). Based upon this new information, defendants indicate that they will endeavor to locate the response from Livermore referred to in this interrogatory. Therefore, the motion to compel a response to Interrogatory No. 2 is denied as moot.

Plaintiff moves to compel defendant Livermore to provide a further response to Interrogatory No. 8 ("Have you ever been named as a defendant in a federal and/or state civil action?") and Interrogatory No. 9 ("If the answer to number 8 is yes, give the caption/title and case number for each civil action."). Defendant Livermore initially answered "no" to Interrogatory No. 8. She later supplemented her response to identify six cases, found in a PACER search, where she was named as a defendant. Plaintiff's supplemental response is sufficient and this request to compel is denied as moot.

### *Motion to Compel Documents and Interrogatory Responses (Dkt. No. 63)*

Plaintiff moves to compel defendants to provide a response to Document Request #1 ("A copy of defendant Livermore's memorandum/letter that she sent plaintiff on the same day she received Plaintiff's letter requesting to be removed from the messhall reference to in her August 4, 2014 response to Plaintiff's grievance EL 881-14.") Defendants initially answered that they were attempting to locate this document. During oral argument, plaintiff provided more information regarding the document in question, including a record cite and a Bates-stamp number of a related document, and defendants indicate that they will attempt to find the document and produce it. Thus, the motion to compel a response to Request #1 is denied as moot.

Plaintiff moves to compel defendants to provide a response to Document Requests #3, #4, and #7. Defendants have indicated that to the extent that any of the requested documents exist, they will be produced. Therefore, plaintiff's motion to compel responses to Requests #3, #4 and #7 is denied as moot.

Plaintiff moves to compel defendant Krause to provide a further response to Interrogatory No. 1 ("Have you ever been named as a defendant in a federal/state lawsuit

before this one?) and Interrogatory No. 2 (If the answer is yes, attach a copy of the initial/amended docket sheet, summary judgment and final disposition, i.e., jury or judge award, settlement agreement, etc.?").  Plaintiff also moves to compel defendant Afify to provide a further response to Interrogatory #1 ("Besides being a defendant in Peoples...[h]ave you been a defendant in any other federal and/or state lawsuit?") and Interrogatory #2 ("If the answer to the above question is yes attach a copy of each initial complaint (or amended complaint if applicable) and any final disposition (i.e., jury or judge award, settlement agreement, etc) and if the above answer is no still attach the requested documents related to the Peoples' supra case?").

The Court has reviewed defendant Krause's responses to Nos. 1 and 2 and defendant Afify's responses to Nos. 1 and 2 and finds them to be sufficient.  Both defendants answered yes and provided the civil case numbers of actions where they were named defendants.  With respect to plaintiff's request that defendants produce all accompanying court documents, the Court denies the request for the reasons stated above and because the request is overbroad and unduly burdensome when compared to the limited relevant and/or admissible information to be gained.  Plaintiff may attain these documents himself from the public docket, or he may request that defendants print the documents if he identifies the specific docket numbers and case names and pays the PACER fee of 25 cents per page.

Plaintiff moves to compel defendant Afify to provide responses to Interrogatory Nos. 9, 10, 11, 15 and 23.  Defendants object on the basis that the questions are irrelevant and unlikely to lead to admissible evidence.  These interrogatories pose theological questions to defendant Afify, a Muslim chaplain.  They involve inquires such as whether a person who

once engaged in homosexual acts may "change" and become a Muslim; where in the Qur'an and/or Sunnah does it discuss a chaplain's power; and rules about becoming a United States citizen after immigrating from a Muslim country.   The Court is in agreement with defendants that these interrogatories do not seek information relevant to this lawsuit, and are unlikely to lead to the discovery of admissible evidence.   *See Mobil Oil Co. v. Dept. of Energy*, 81-CV-340, 1982 U.S. Dist. LEXIS 9553 (N.D.N.Y. March 8, 1982) (Munson, M.J.) ("interrogatories calling for an opinion based on hypothetical facts are improper").   Thus, plaintiff's motion to compel further responses is denied.

### *Motion for Subpoenas Duces Tecum (Dkt. No. 52)*

Plaintiff requests that subpoenas duces tecum be served on a number of non-parties to this litigation.   Specifically, he seeks to subpoena documents from attorneys who represented either plaintiffs or defendants in other federal civil rights cases where Sewalt and Afify were named as defendants. Here, defendants ask that the Court use its discretion to deny requests for subpoenas that seek "irrelevant, improper, and privileged information." However, "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness."   *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975).

As explained during the oral argument, a subpoena of attorney files, which may be subject to various attorney-client and work-product privilege, is not the correct procedural vehicle for obtaining many of the documents plaintiff seeks.  Indeed, most of the documents plaintiff seeks are publically available or in the custody, control, or possession of defendants or DOCCS.  In addition, many of the requests are duplicative of plaintiff's document and interrogatory requests.  Therefore, the Court will treat plaintiff's motion for subpoenas duces

-16-

tecum as a further motion to compel.

Plaintiff requests all initial and amended complaints, interrogatory responses, and various deposition transcripts in *Hutchinson v. West* (1:04-cv-135), *Robinson v. Fischer* (1:07-cv-402), and *Pattiasina v. Sewalt* (6:12-cv-06170), all of which are prisoner civil rights cases where Sewalt is named as a defendant.  He also requests deposition transcripts and court orders in *Peoples, et al. v. Fischer* (6:13-cv-6113), a prisoner civil rights case naming Afify as defendant.  Even where requested information is relevant, a court should "limit the frequency and extent of discovery where it is unreasonably cumulative or duplicative or when the burden or expense of the proposed discovery outweighs its likely benefit." *Armstrong Pump, Inc. v. Hartman*, 10-CV-446, 2016 U.S. Dist. LEXIS 172207 (W.D.N.Y. Dec. 13, 2016) (Scott, M.J.).  *See also Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561-62 (S.D.N.Y. 2013) ("Courts have significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources.")  As explained in detail above, plaintiff is not entitled to free copies of court documents, and his "subpoena" requests appear to be an end-run around that principle.  More importantly, the Court finds that the documents sought by plaintiff have little benefit, if any, to his case.  The Court must weight that limited benefit against the burden of requiring defendants to print, at their own cost, large amounts of court records or requiring non-party lawyers to produce a significant number of documents from their own files.  It is evident that plaintiff is seeking information regarding other claims of constitutional violations by defendants.  This Court has already stated that defendants are to produce any disciplinary actions or identifiable complaints or grievances

filed against defendants Afify and Sewalt which involve conduct similar to that alleged here. In light of the fact that plaintiff will have access to this information, the court documents listed above are duplicative and unlikely to lead to additional relevant evidence. Moreover, plaintiff is not without the ability to secure these documents. Plaintiff may either obtain these documents himself through the public docket, or, upon providing the specific docket entries and the fee of 25 cents per page, he may request that defendants print these documents for him. In light of the principles of proportionality discussed above, the Court will not place the burden and expense of producing these documents on either defendants or a non-party to this litigation.

Plaintiff also seeks any use of force forms, misbehavior reports, grievances, and disciplinary actions involving Sewalt and the plaintiffs in *Hutchison*, *Robinson* and *Pattiasina*. To the extent that DOCCS has retained use of force forms and misbehavior reports filed by Sewalt against these plaintiffs for the incidents that are the subject of the lawsuits cited, those documents are to be produced. To the extent that DOCCS has retained any grievances filed by these plaintiffs against Sewalt for excessive force or retaliation, defendants are directed to provide them to plaintiff. DOCCS is also to produce records of any suspensions, demotions or other disciplinary action taken as to Sewalt as a result of the conduct alleged in these cases, if that conduct involved excessive force or retaliation. The Court, in conducting an *in camera* review of Sewalt's personnel file, will determined what additional documents, if any, must be produced.

Plaintiff also seeks from Acting Commissioner Anthony J. Annucci of DOCCS, any grievances or letters of complaint filed against defendants Sewalt and Afify by other employees of DOCCS and responses by defendants.  The Court denies this request as overly broad and duplicative of other requests addressed above.  Plaintiff also seeks the "to/from, report, memorandum and/or administrative recommendation from Elmira Correctional Facility's Deputy Superintendent of Program Hinderson and/or Superintendent Burge" regarding the excessive force claims alleged against Sewalt in Robinson.  To the extent that these documents exist and have been retained by DOCCS, defendants are instructed to provide them to plaintiff.

### Plaintiff's Request for Sanctions

Plaintiff requests sanctions against defendants, pursuant to Federal Rule of Civil Procedure 37(a)(5), for failure to disclosure or provide relevant information.  Rule 37(a)(5) provides that if a court grants a Rule 37(a) motion to compel discovery, the court must, after giving an opportunity to be heard, require the opposing party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  *See* Fed. R. Civ. P. 37(a)(5)(A); *Vincent v. C.O.M. House*, 06-CV-632, 2009 U.S. Dist. LEXIS 80776 (W.D.N.Y. Sept. 4, 2009) (Scott, M.J.) ("While we acknowledge that as a *pro se* litigant, plaintiff's out of pocket expenses may be modest (probably merely duplication and mailing costs), those expenses are nevertheless justified.")  In addition, Rule 37 indicates that a court must not order payment if "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(i)-(iii).  While this Court has ordered that some documents be produced by defendants, there is no basis for sanctions here.  Defendants have willfully and

timely complied with all discovery requests, their objections were reasonable and substantially justified, and many of their objections were sustained by this Court. *See Rosehoff, Ltd v. Truscott Terrace Holdings LLC*, 14-CV-277, 2016 U.S. Dist. LEXIS 61777 (W.D.N.Y. May 10, 2016) (Foschio, M.J.) (internal citations omitted) ("A party's failure to provide discovery is substantially justified if a genuine dispute exists or if there is an objectively reasonable basis for the failure...such as where a party believed case law supported its position.")  While plaintiff points to defendant Livermore's initial failure to identify the lawsuits in which she was a defendant, the Court finds her responses, in their totality, to be sufficient and that any initial error was substantially justified.   Indeed, defendant Livermore supplemented her responses when she discovered the relevant lawsuits and indicated that the basis for her initial response was that in many of the suits she had never been served and that one included almost one hundred "John Doe" defendants.

For these reasons, plaintiff's request for sanctions is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motions (Dkt. Nos. 52, 53 and 63) are granted in part and denied in part in the manner discussed above.  Defendants shall submit to the Court, for an *in camera* review as described above, the personnel files of defendant Sewalt and defendant Afify.  With the personnel files, defendants should provide a list of what documents in those files, if any, have been produced to plaintiff. Defendants are also instructed to file an affidavit detailing their compliance with this Decision and Order including a list of the documents produced pursuant to this Decision and Order and, if applicable, a

list of any documents ordered to be produced which defendants do not possess, no longer

retain or cannot locate.  Plaintiff's request for sanctions is denied.

SO ORDERED.

DATED:        January 19, 2017
              Buffalo, New York


*/s/ Michael J. Roemer*
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE