UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN WOODWARD,                                    14-CV-00856-RJA-MJR

                Plaintiff,                          DECISION AND ORDER

    v.

AFIFY, *et al.*,

                Defendants.
_____

        This case has been referred to the undersigned by the Honorable Richard J. Arcara for all pre-trial matters, including the hearing and disposition of non-dispositive motions. Before the Court are plaintiff's motion to compel discovery, for sanctions and for a protective order (Dkt. No. 89); and defendants' motion to revoke plaintiff's *in forma pauperis* status and for sanctions (Dkt. No. 102). For the following reasons, plaintiff's motion to compel discovery, for sanctions, and for a protective order is denied, defendants' motion to revoke plaintiff's *in forma pauperis* status is granted, and defendants' request for sanctions is denied.

## **BACKGROUND AND PROCEDUREAL HISTORY**

        Plaintiff Shawn Woodward ("plaintiff"), an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS") who is proceeding *pro se*, filed the instant complaint against various officers and employees of the Elmira Correctional Facility alleging violations of his constitutional rights, including religious discrimination and retaliation for the filing of grievances and lawsuits. On June 25, 2015, plaintiff was granted leave to proceed *in forma pauperis*. (Dkt. No. 9).

On April 14, 2016, the District Court adopted this Court's Report and Recommendation which recommended granting in part and denying in part a motion to dismiss by defendants. Following commencement of discovery, plaintiff filed two motions to compel discovery and a request for subpoenas duces tecum.[1]  (Dkt. No. 52, 53, 63). On January 23, 2017, this Court issued a Decision and Order granting in part and denying in part plaintiff's discovery motions, and requiring further compliance by defendants.  (Dkt. No. 73).  Defendants filed two subsequent declarations detailing their compliance with the Court's January 23, 2017 Decision and Order.  (Dkt. No. 78, 81).  On March 31, 2017, this Court issued an Order stating that, based upon the representations in the declarations, defendants were in compliance with any outstanding discovery obligations. (Dkt. No. 87).  Plaintiff appealed this Court's January 23, 2017 Decision and Order and its March 31, 2017 Order, and both were affirmed by the District Court.  (Dkt. Nos. 96, 118).  On July 11, 2017, plaintiff moved for permission to request late production of documents and on July 13, 2017 defendants moved for an extension of the dispositive motion deadline.  (Dkt. No. 106 and 109).  Both of these requests were granted.  (Dkt. No. 113).  The discovery deadline was extended, in substantial part, because of the amount of time devoted to plaintiff's extensive discovery requests, his motions related to discovery disputes, and his appeals of this Court's prior discovery orders.

---

[1] Around the same time that plaintiff filed his initial discovery motions, he moved for "partial" summary judgment, although the motion appeared to reference all claims and defendants in the matter. (Dkt. No. 64).  On July 31, 2017, this Court issued a Report and Recommendation finding that the motion was premature and recommending that plaintiff's motion for partial summary judgment be denied without prejudice to plaintiff's ability to renew the motion at the close of discovery.  (Dkt. No. 113).

Now before the Court is another motion to compel discovery by plaintiff, along with a request for sanctions and a protective order. Defendants have moved to revoke plaintiff's *in forma pauperis* status and for sanctions.

## DISCUSSION

*Plaintiff's Motion to Compel, for Sanctions and for a Protective Order (Dkt. No. 89)*

Plaintiff devotes a substantial portion of his motion to compel to requests for documents and information that have already been addressed in this Court's prior discovery orders. Plaintiff seems to repeat his requests for various documents contained in DOCCS' investigatory files for *Robinson v. Fischer, et al.*, 07-cv-402 and *Pattiasina v. Sewalt, et al.,* 07-cv-402. These files, which include relevant misbehavior reports, use of force forms, grievances, and disciplinary documents as they relate to defendant Sewalt, have already been made available to plaintiff. (Dkt. Nos. 81, 100, 100-1). Defendants have informed the Court that they provided the files to DOCCS with instructions that plaintiff be permitted to review them. (Dkt. No. 100, pgs. 7-8). However, because the files contain personal health information and other details that could pose security risks within DOCCS generally, plaintiff was not provided with copies of the documents. (*Id.*) Indeed, plaintiff has reviewed the investigatory files on three occasions, and the files remain available for plaintiff to review at any time. (Dkt. No. 100-1). Defendants represent that the last time plaintiff reviewed the files, he became disruptive, raised his voice with staff, and stated that the documents were not the "real documents". (*Id.*) Plaintiff now complains that he was not permitted to take notes when he reviewed the documents, and argues that he should be given a copy of the files.

Defendants have complied with the Court's prior Decision and Order by providing plaintiff with access to the investigatory files for his review, and have identified legitimate concerns with providing hard copies of the documents to plaintiff. *See Gross v. Lunduski*, 304 F.R.D. 136, 156 (WDNY 2014) ("Federal courts…are sensitive to…valid prison security concerns."). Plaintiff's request for copies of these files is denied. However, plaintiff is to be allowed continued access to the files and is permitted to take notes during his review of the documents.[2]

Plaintiff again requests misbehavior reports authored by Sewalt in *Hutchinson v. West, et al*, 04-cv-135. Defendants indicate that these reports have not been found or provided by DOCCS, but are available on the public docket in 04-cv-135 (Dkt. No. 39), for a fee. (Dkt. No. 78, ¶¶15-16). As previously held in this Court's prior Decision and Order addressing discovery, defendants are not obligated to produce documents that are publically filed and not in the possession, custody or control of defendants.[3] (Dkt. N0. 73, pg. 6). Plaintiff must either obtain the documents himself from the public docket or may request that defendants print the documents from PACER if he pays the required fee ($.25 per page). *Id.*

Plaintiff also reiterates his demands for a written document containing defendant Livermore's response to plaintiff's request to remove him from the messhall as part of the Food Service Training Program and documents from the Central Office of Ministerial

---

[2] To the extent that plaintiff seeks to introduce a document from the investigatory files at trial, he may make a motion *in limine*, prior to trial, to be provided with a hard copy of the document in question. The Court makes no ruling at this time as to the admissibility of any documents from the investigatory files and any such determination is to be made by the trial court at the time of trial.

[3] Plaintiff references the Court's January 23, 2017 Decision and Order which states that defendants were to produce, *inter alia*, a copy of the any misbehavior reports written by Sewalt in the *Hutchinson* case. (Dkt. No. 73, pg. 18). However, the Court made clear that those reports only had to be produced if they exist and *have been retained* by DOCCS.

Services to defendant Afify regarding plaintiff's status for Friday call-out. Defendants have represented to this Court and to plaintiff that DOCCS has conducted searches for these documents and they either cannot be found or do not exist. (Dkt. Nos. 78, ¶¶17-25, 32). Plaintiff's argument that defendants' inability to produce these documents suggests that defendants have destroyed evidence is without merit. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130. 138 (2d. Cir. 2007) ("a party is not obligated to produce, at the risk of sanctions, documents that it does not possess or cannot obtain").

Plaintiff also requests grievances filed against defendant Afify. In accordance with this Court's prior Decision and Order, defendants requested that DOCCS provide complaints and grievances from Steward, Peoples, Lowmack, Lawrence, and McKenzie related to "religious issues" at Elmira Correctional Facility and all relevant complaints and grievances were produced. (*Id.* at ¶¶28-30). Plaintiff's new demand for "any and all grievances filed by inmates against [defendant] Afify" alleging constitutional violations or "grievances/letters of complaint filed against Afify by, but not limited to, the plaintiffs in the other civil rights actions where Afify was named as a defendant" is overly broad and unduly burdensome. Defendants previously represented to plaintiff and this Court that grievances are categorized not by the individual being grieved but rather by grievant and subject. (Dkt. No. 100-1, ¶27). It would be unduly burdensome, and of limited value, to require defendants to attempt to locate "any and all" grievances filed against defendant Afify, or even all grievances where Afify was a defendant in a subsequent lawsuit. It is also noted that this Court has reviewed defendant Afify's personnel file, and any relevant documents therein have been produced. Plaintiff may renew his request if he can identify

5

a specific grievant, such that DOCCS may more easily attempt to locate a responsive document.

In sum, plaintiff's requests in Paragraphs 1-13 and 22-30 are denied on the basis that all of the documents and information requested have either already been provided to plaintiff, are available for plaintiff's review, are not in the possession of DOCCS or defendants, or have been deemed by the Court not discoverable.

The remainder of plaintiff's motion to compel (Paragraphs 14-21 and 31-33) takes issue with defendants' responses to Plaintiff's Fourth Request for Documents. (Dkt. No. 82). Plaintiff moves to compel a response to document Request No. 1 ("Files from DOCCS's Bureau of Labor Relations relating to investigations/discipline of Defendants Afify, Sewalt, Otto, Corsi, Krause and Livermore involving conduct similar to that alleged by Plaintiff in the instant action.") Defendants indicate that DOCCS' Bureau of Labor Relations performed a search of any investigations and/or discipline for the above-listed defendants involving similar conduct to plaintiff's allegations over the last seven years. The search did not produce any responsive documents. (Dkt. No. 82, pg. 5). In addition, this Court reviewed the personnel files of defendants Sewalt, Afify and Livermore and has determined that all discoverable documents from those files have been produced. Plaintiff's argument that defendants' representation that additional documents have not been found is somehow "not true" based upon the fact that other investigatory files exist is without merit. Defendants have sufficiently complied with this document request, and plaintiff's motion to compel a further response to Request No. 1 is denied.

Plaintiff moves to compel a response to document Request No. 2 ("Any Use of Force and/or Unusual Incident Reports filed by Defendant Sewalt or by any other

6

correctional staff where Defendant Sewalt took part in using force on an inmate.") Defendants object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff has already been provided with all relevant documents from Sewalt's personnel file, which includes any disciplinary actions for excessive force. Plaintiff has also been provided with use of force forms in at least two identifiable cases where Sewalt was accused of using excessive force. The Court concurs that a request for any and all incidents where a corrections officer was involved in use of force with an inmate is overly broad and unduly burdensome. Such a broad request has limited, if any, relevance and is not proportional to the needs of the case. Moreover, the burden of production outweighs any likely benefit of this information. *See* Fed. R. Civ. P. 26(b)(1); *See In re Weatherford Int'l Secs. Litig.*, 11 Civ. 1646, 2013 U.S. Dist. LEXIS 75090 (S.D.N.Y. May 28, 2013) (Francis, M.J.) (in determining proportionality, courts balance "the value of the requested discovery against the cost of its production"). Plaintiff's motion to compel a further response to Request No. 2 is denied.

Plaintiff moves to compel responses to document Request No. 3 ("A copy of the misbehavior reports that Defendant Sewalt filed against Plaintiffs Robinson and Pattiasina.") and document Request No. 4 ("A copy of Defendant Krause's April/May 2014 Memorandum regarding his "interview" on Plaintiff on April 18, 2014 and/or a copy of Defendant Krause's To/From, etc. in response to Plaintiff's grievances EL-42-373-14/EL-42463-14 regarding "retaliation" by way of threats of physical harm if Plaintiff attended Friday Congregational Prayer.") Defendants state that these documents have been produced to plaintiff. (Dkt. No. 100, pg. 12-13). Plainitff's motion to compel a further response to Request Nos. 3 and 4 is denied as moot.

7

Plaintiff moves to compel a response to document Request No. 5 ('A copy of any "records" and/or "memorandums" prepared by Defendant Afify, Krause and/or Non-party Captain Diego, see, Dkt. #39, Interrogatory Responses from Afify, regarding the "alleged" information provided by inmates and the outcome of such information as determined by Defendants Afify, Krause and/or Non-party Captain Diego.")  Defendants represent that they reviewed documents associated with plaintiff's grievances and did not find any records responsive to this request.  DOCCS also conducted a search and did not find any responsive documents.  Plaintiff sought documents and certification as to the search, and one document was found and provided to plaintiff.  Because no additional responsive documents are in the possession of DOCCS and defendants, plaintiff's motion to compel a further response to Request No. 5 is denied.

Plaintiff also moves to compel defendant Afify to "amend" a number of his responses to plaintiff's Requests for Admission.  (Dkt. No. 83).  Specifically, plaintiff appears to object to defendant Afify's denials of the statements contained in Requests Nos. 1, 2, 3 and 7.  (*Id.*)  The Court has reviewed defendant Afify's responses and finds them to be sufficient.  *See* Fed. R. Civ. P. 36(4) ("If an answer is not admitted, the answer must be specifically denied or state in detail why the answering party cannot truthfully admit or deny it.").  The Court rejects plaintiff's objections, which are basically arguments as to why Afify's denials are not accurate.  *See Coleman v. County of Suffolk*, CV 12-3509, 2013 U.S. Dist. LEXIS 176912 (EDNY Dec. 17, 2013) (internal citations omitted) ("Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions."); *Azkour v. Haouzi*, 11-CV-5780, 2014 U.S. Dist. LEXIS 126100 (SDNY Sept. 9, 2014) (internal citations omitted) ("[I]n determining the

sufficiency of a request for admission, the court's role is to ensure the formalities of [Rule 36(a)] are observed...[a]s long as a responding party's answer is adequate to satisfy the technical requirements of Rule 36, the court is not empowered to compel [the responding party] to change an answer to conform to the 'truth' or to any particular theory or other evidence.").

Finally, plaintiff requests sanctions "in the form of payment for expenses in filing this instant motion in the amount of $150 and that a protective order be issued preventing any further discovery delay." There is no basis here for fees, sanctions or a protective order. While Federal Rule of Civil Procedure 37(a) grants the Court the ability to award fees if a party is successful on a motion to compel discovery, plaintiff's instant motion to compel has been denied by the Court. Likewise, there is no basis for the Court to impose sanctions pursuant to its inherent authority, since there has been no showing that defendants have acted in bad faith. *See Ransmeier v. Mariani*, 718 F.3d 64 (2d Cir. 2012) (a court may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons). As to plaintiff's request for a protective order to "prevent further discovery delay", the Court finds that defendants have timely and sufficiently responded to all of plaintiff's discovery demands. Indeed, any delay in discovery has been the result of plaintiff's numerous discovery motions. In fact, plaintiff's most recent motion requests, in substantial part, documents that have already been provided, that do not exist, or have previously been found by the Court not to be discoverable.

*Defendants' Motion to Revoke IFP Status and for Sanctions (Dkt. No. 102)*

On January 5, 2015, plaintiff moved for permission to proceed *in forma pauperis* ("IFP") and included a signed authorization in support of his motion. (Dkt. No. 8). Plaintiff left blank the portion of the authorization asking him to state the amount of funds in his inmate account, and failed to include an inmate account balance certified by an authorized official of the correctional facility. (*Id.*) On June 25, 2015, plaintiff's motion for IFP status was granted. (Dkt. No. 9). Therein, the Court noted that even though plaintiff "paid the filing fee prior to the time he filed his motion to proceed in forma pauperis but because proceeding in forma pauperis may provide Plaintiff with items other than the payment of the filing fee in installments over time, *see* 28 U.S.C. §1915(b), including, but not limited to, the issuance and service of process by officers of the Court and the opportunity to, at least, move for the appointment of counsel…the Court hereby grants Plaintiff's motion to proceed *in forma pauperis*." (*Id.*) As a result, the Court ordered service of the summons and complaint on the named defendants, by the U.S. Marshal, without requiring payment by plaintiff. (*Id.*)

On May 16, 2017, almost two years after the IFP motion was granted, defendants sent plaintiff a letter stating that plaintiff had been untruthful in seeking IFP status by intentionally failing to disclose funds in his inmate account. (Dkt. No. 102-2). Defendants included plaintiff's inmate account statement from December 2014 which indicated that, at the time plaintiff requested IFP status, he had an account balance of $3,710.04 which was not disclosed. (*Id.*) Defendants instructed plaintiff to correct his misrepresentations with the Court. (*Id.*) To date, plaintiff has not submitted a corrected authorization or

inmate account statement. Defendants now move for revocation of plaintiff's IFP status on the basis that he misrepresented his financial circumstances.[4]

Revocation of plaintiff's IFP status is, in large part, a moot issue because of the history of the case and plaintiff's response to defendants' motion. Plaintiff has already paid the filing and administrative fees in full and therefore has received no benefit from his IFP status in that regard. In addition, plaintiff represents that the Court may "recover the fees" or "impose an encumbrance" for service of process, and that he does not intend to move for appointment of counsel. (Dkt. No. 107, pgs. 16-17). Indeed, plaintiff's prior application for IFP status did not include a statement of the amount of money in his prison account nor did it include an inmate account balance certification. In addition, the inmate account statement submitted by defendants is from December of 2014 and therefore is likely not an accurate depiction of plaintiff's current assets. Because the Court lacks relevant information about plaintiff's finances, the motion to revoke plaintiff's IFP status is granted. *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (EDNY 1998) (IFP status may be revoked if a court later determines that it was improvidently granted). If plaintiff seeks to have IFP status reinstated, he is instructed to file a new supporting affirmation, which includes information as to the amount of money in his inmate account, and a current copy of his inmate account statement certified by an authorized official of the correctional facility.

---

[4] In his response to defendants' request for sanctions, plaintiff contends that this Court "started a bad precedent" when it did not provide plaintiff with copies of unpublished cases cited in its January 23, 2017 Decision and Order. The Court notes that neither the Local Rules of Civil Procedure for the Western District of New York nor the Judicial Conference for the Second Circuit, the regional governing body of the judiciary within this Circuit, have imposed such a requirement on district courts. The Court reminds the parties, however, that Local Rule 7(a)(8) provides that when serving a memorandum of law on a *pro se* litigant, counsel shall provide the litigant with printed copies of decisions cited therein that are unreported or reported exclusively on computerized databases.

Defendants further argue that plaintiff should be sanctioned for making material misrepresentations in his IFP application, up to and including dismissal of his case. The ability to proceed IFP is a "privilege provided for the benefit of indigent persons." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463 (SDNY 2004) (internal citations omitted). To discourage abuse of this privilege, the statute provides that "notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that…the allegation of poverty is untrue." 28 U.S.C. §1915§(2)(A); *see also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) ("The purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth."). However, the statute does not require dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith. *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Instead, dismissal is appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain IFP status. *See Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467-68 (SDNY 2004). In this context, bad faith includes a deliberate concealment of income. *Id*.

Based upon the record, the Court cannot conclusively find that plaintiff deliberately concealed assets or income in bad faith. Plaintiff did not enter a false amount or affirmatively include false information on his application for IFP status but rather left blank the question addressing money in his inmate account. On its face, it is unclear if this was a deliberate omission to conceal funds or if plaintiff simply erred in not completing that portion of the form. Defendants argue the plaintiff's failure to respond to their letter

requesting corrected financial information and the fact that plaintiff previously filed IFP applications in other lawsuits, wherein he did complete the portion of the application requesting disclosure of funds in his inmate account, demonstrates his fraudulent intent here. However, these examples do not serve as conclusive proof that plaintiff intended to deceive the Court when he filed the instant IFP application. Finally, the Court cannot conclude that plaintiff made false omissions for the purpose of avoiding payment of the filing fee, since he paid both the filing and administrative fees in full prior to making an application for IFP status. For these reasons, the Court declines to impose sanctions at this time, including the extremely serious sanction of dismissal of the case. *See Harris v. Cuyler*, 664 F.2d 388, 390 (3d Cir. 1981) (dismissal of a case with prejudice "is a harsh sanction which should be resorted to only in extreme cases"); *Acevedo v. Reid*, 653 F. Supp. 347 (SDNY 1986) (declining to dismiss the complaint for material misrepresentation in plaintiff's IFP application where it was "possible that [plaintiff's] omissions were the result of innocent error, not willful deceit"). However, plaintiff is reminded that he is to be truthful and forthcoming in any and all representations he makes to the Court, and that this obligation extends to any further IFP applications.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel discovery, for sanctions, and for a protective order is denied. (Dkt. No. 89). Defendants' motion to revoke plaintiff's IFP status is granted, and defendants' motion for sanctions is denied. (Dkt. No. 102).

**SO ORDERED.**

Dated: September 25, 2017
       Buffalo, New York

                                        */s/ Michael J. Roemer*
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge